UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                                      CIVIL ACTION

WARDEN BUTLER, ET AL.                          NUMBER 13-486-SDD-SCR

### RULING ON MOTION FOR PRELIMINARY INJUNCTION

Before the Court is the Plaintiff's *Motion for Preliminary Injunction*[1].

*Pro se* Plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Butler, Donald Cavalier, Maj. Trent Burton, Maj. Hooker, Capt. Callahan, Capt. Williams, Capt. Smith and Sgt. Harris. Plaintiff alleged that the Defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.[2]

Plaintiff also filed a *Motion for Preliminary Injunction* seeking to enjoin prison officials from retaining him on Level One of the Camp J Management Program and to direct prison officials to permit him to use the prison canteen.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might

---

[1] Rec. Doc. 20.

[2] Defendants Sgt. Harris, Capt. Smith and Capt. Williams were not served with the summons and complaint. (Rec. Doc. 15.) A notation in the Remarks section of the Process Receipt and Return form indicated that first names were required in order to serve these Defendants.

cause the defendant; and (4) that the injunction will not disserve the public interest.[3] Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm.[4]

It is unlikely that the Plaintiff will prevail on his claims against the Defendants. Any harm which may come to the Plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the Plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

Accordingly, the Plaintiff's request for a temporary restraining order is DENIED.

Baton Rouge, Louisiana, the 16 day of December, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3] *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).

[4] 18 U.S.C. § 3626(a).