UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                              CIVIL ACTION

WARDEN BUTLER, ET AL                                NUMBER 13-486-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 16, 2014.

                                          /s/ Stephen C. Riedlinger
                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN H. JONES (#313554)

VERSUS                                                          CIVIL ACTION

WARDEN BUTLER, ET AL                                  NUMBER 13-486-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Partial Summary Judgment filed by defendants Robert Butler, Donald Cavalier, Trent Barton[1] and Joseph Hooker, and the Motion for Partial Summary Judgment On Behalf of Marcus Callahan.  Record document numbers 9 and 17, respectively.  The motions are opposed.[2]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Robert Butler, Donald Cavalier, Maj. Trent Barton, Maj. Joseph Hooker, Capt. Marcus Callahan, Capt. Williams, Capt. Smith and Sgt. Harris.  Plaintiff alleged that the defendants were deliberately indifferent to his safety in violation of his constitutional rights.[3]

---

[1] This defendant was identified as Trent Burton in the Complaint.

[2] Record document numbers 14 and 18.

[3] Defendants Sgt. Harris, Capt. Smith and Capt. Williams were not served with the summons and complaint and did not participate
(continued...)

Defendants Butler, Cavalier, Barton, Hooker and Callahan moved for summary judgment relying on a statement of undisputed facts, copies of the plaintiff's medical records, the results of Administrative Remedy Procedure ("ARP") LSP-2013-0549, copies of Warden's Unusual Occurrence Reports, a copy of a disciplinary report issued to the plaintiff on January 28, 2013, copies of log book entries, a copy of the Camp J Daily Post Roster, and a copy of the plaintiff's Enemy List.

## I. Factual Allegations

Plaintiff alleged that on November 14, 2012, he filed an emergency ARP LSP-2012-3554 complaining that inmate tier orderlies were provided brooms, buckets and chemical supplies which could be used to attack inmates confined to their cells. Plaintiff alleged that the ARP was rejected.

Plaintiff alleged that on January 28, 2013, Sgt. Harris opened his cell door and inmate orderly Patrick Williams entered his cell and attacked him. Plaintiff alleged that a few minutes later Capt. Morgan and Lt. Chaffer broke up the fight and separated the two

---

[3](...continued)
in the defendants' motion for summary judgment. Record document number 15. A notation was made in the Remarks section of the Process Receipt and Return Form USM-285 which stated that service was accepted for Capt. Callahan but "need the first names for the rest," referring to Capt. Williams, Capt. Smith and Sgt. Harris. Nothing in the record indicates that the plaintiff thereafter provided the U.S. Marshal with the first names of these defendants or made any other effort to obtain service on them.

inmates. Plaintiff alleged that he was examined by medical personnel and was then placed in administrative lockdown on Gar Unit.

Plaintiff alleged that the following day, Maj. Hooker transferred him to Gator Unit where inmate Williams was also housed. Plaintiff alleged that he was placed in cell number 13 and Williams was confined in cell number 2. Plaintiff alleged that approximately one hour later he was returned to administrative lockdown on Gar Unit.

Plaintiff alleged that on January 30, 2013, he was found guilty of a disciplinary infraction by Maj. Barton and Donald Cavalier and was sentenced to Level One of the Camp J Management Program.

Plaintiff alleged that on January 31, Capt. Callahan transferred him back to Gator Unit, where inmate Williams was still housed. Plaintiff alleged that he was again placed in cell number 13, and inmate Williams was still in cell number 2. Plaintiff alleged that he and inmate Williams remained on the same tier without incident until approximately 5:45 p.m. when he was placed in the shower.

Plaintiff alleged that Capt. Williams and Capt. Smith made rounds on the unit. Plaintiff alleged that Capt. Williams retrieved his belongings from his cell and sent him to the lobby. Plaintiff alleged that inmate Williams declared himself a mental

3

health emergency and asked to be placed on suicide watch. Plaintiff alleged that he was moved to Gar Unit 1-R, cell number 14. Plaintiff alleged that approximately one hour later, inmate Williams was also placed on Gar Unit. Plaintiff alleged that on February 1, 2013, inmate Williams was removed from the tier.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. No Physical Injury

Defendants argued that the plaintiff's claim for compensatory damages is subject to dismissal pursuant to 42 U.S.C. § 1997e(e) because the plaintiff failed to allege that he sustained a physical injury.

4

> Subsection (e) of 42 U.S.C. § 1997e provides:
>
> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Although § 1997e(e) prohibits the recovery of compensatory damages without a prior showing of physical injury, it does not bar recovery of nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries. Although § 1997e(e) does not bar recovery of nominal and punitive damages, the plaintiff still must prove a deprivation of a constitutional right to obtain relief in the form of nominal or punitive damages.

### C. Official Capacity

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*,

502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, subject

to the limits of § 1997e(e), the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacities for actions taken by them under color of state law which caused the deprivation of constitutional rights.  Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983.  Again, the plaintiff must prove a deprivation of a constitutional right to obtain any relief in the form of prospective injunctive relief.

### D. Respondeat Superior

Plaintiff named Warden Robert Butler as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Butler is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**E. Deliberate Indifference**

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006)(citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. *See Farmer*, 511 U.S. at 832-34, 114 S.Ct. 1970. To succeed on a claim for failure to protect, an inmate must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834, 114 S.Ct. 1970.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837, 114 S.Ct. 1970. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970; *see also Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). This issue is a question of fact. *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995). Finally, even if a prison official was subjectively aware of the

risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970.

The deliberate indifference standard is "an extremely high standard to meet."  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  The Fifth Circuit has declined to find deliberate indifference where an official "*should have*" inferred a risk posed to an inmate, requiring proof that the official "*did* draw such an inference."  *Adames*, 331 F.3d at 514; *see also Farmer*, 511 U.S. at 838, 114 S.Ct. 1970; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  Nevertheless, an inmate does not have to produce direct evidence of an official's knowledge about the risk; he may rely on circumstantial evidence to demonstrate such knowledge.  *See Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Adames*, 331 F.3d at 512.  For example, an inmate can prove the requisite knowledge by showing that conduct or occurrences were "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" such that officials had subjective knowledge of the complained risk.  *See Farmer*, 511 U.S. at 842-43, 114 S.Ct. 1970 (internal quotation marks omitted); *Adames*, 331 F.3d at 512.

Plaintiff alleged but failed to point to any evidence in the record that he and inmate Patrick Williams were placed on the same unit following the January 28, 2013 incident.  Even if the

9

plaintiff and Williams were placed on the same unit following their fight on January 28, as he alleged, there is no evidence in the record that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff existed, and that they also drew the inference that a substantial risk of serious harm existed.  Finally, even if the plaintiff and Williams were placed on the same unit, and even if the defendants were aware that a substantial risk of serious harm existed and the defendants drew the inference, the plaintiff's own allegations support a finding that the defendants took steps to abate the risk of harm by promptly moving the plaintiff to another when they discovered that the two inmates were confined on the same unit.

Plaintiff offered only conclusory assertions and failed to point to summary judgment evidence creating a genuinely disputed issue of material fact.  Because the plaintiff has identified no genuine dispute as to any material fact, summary judgment for the defendants is appropriate.

### F. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if

the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted.  It is further recommended that the claims against Sgt. Harris, Capt. Smith and Capt. Williams be dismiss for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.  It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim, and the complaint be dismissed, without prejudice to any state law claim.

Baton Rouge, Louisiana, April 16, 2014.

　　　　　　　　　　　　　　　　　／s／ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE